Cook, J.,
delivered the opinion of the Court.
This motion is made on the following state of facts: The plaintiff, Brown, on the 2d day of August, 1820, sued out a writ offieri facias against William S. Gantt, upon which the Sheriff returned, that he had received a part of the money directed to he levied, and that the balance was not made by order of the plaintiff’s attorney, which order was also written on the execution. On the 2d of January, 1821, an execution issued from the Clerk’s office of the Circuit Court of Cape Girardeau county, against said Gantt, in favor of George Northcut, on which the Sheriff returned a part of the money made. On the 19th day of September, following, an alias execution in favor of Northcut issued, and was delivered to the Sheriff on the same day; and on the 21st of the same month, an alias issued in favor of Brown, and was delivered to the Sheriff on the 27th. Northcut’s alias execution was levied on personal property of the defendant, which did not sell for enough to pay both executions. Upon Brown’s last execution, the Sheriff returned no property found.
The object of this motion is, to have the money made on Northcut’s execution applied to the discharge of Brown’s. The most important question presented for the consideration of this Court is, whether the lien created by the delivery of Brown's original execution to the Sheriff, continued upon the personal property of the defendant, after that execution was returned, by order of the plaintiff’s attorney? Whether such lien may not he continued, by an immediate and undelayed succession of executions, is a question of great importance, and one which this Court would not decide, without mature consideration, and never pre-judge. JJy the laws of this State, tile Sheriff is required to return executions to the Court by a day. This question does not present itself in this case, as the execution was returned by the express order of the plaintiff, without being levied, and no alias sued out, until after another execution had been delivered to the Sheriff, about twelve months after the return of the original. If, under circumstances like these, the lien would continue, the consequences, might in some cases, he extremely inconvenient to debtors, and in others very prejudicial to the rights of other creditors. A plaintiff, by ordering his execution to he returned, might lie up the hands of the debtor by holding his lien upon all the property he has, and so put it out of his power to dispose oi it, even for the purpose of paying the debt. And on the other hand, a prior judgment creditor,.by collusion with his debtor, might cover all the debtor’s property by continuing his prior lien; and it is not a conclusive answer to this, that the younger creditor may force the sale, by levying his younger execution, and so get what remains, after *109 ■satisfying the prior one; Because the dormant, after a lapse of time, may he forgotten by those even who knew of it at first, and the debtor might contract with others, who never knew any thing about it; and, eventually, a prior lien, either forgotten or never thought of by the subsequent creditor, wrest from his grasp the very property which induced him to credit the debtor. This Court are, therefore, of opinion, that at the time Northcut’s alias execution was delivered to the Sheriff, Brown had no lien on the personal property of the defendant, Gantt.
The motion must be denied.